## Norfolk

EPHRIM L. MCCOY

v.

COMMONWEALTH OF VIRGINIA

No. 0285-85

Decided May 6, 1986

## COUNSEL

Boyd Scarborough (Griffin, Pappas & Scarborough, on brief), for appellant.

Lucy H. Allen, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

## OPINION

**HODGES, J.**—Ephrim L. McCoy, the appellant, was convicted in the trial court of possession of cocaine and possession of heroin. The dispositive question in this appeal is whether McCoy had standing to attack the validity of a search of an apartment in which he was a visitor. We find that he did not and affirm.

On September 6, 1984, Detective K.E. O'Brien of the Portsmouth Vice and Narcotics Squad obtained a search warrant for the premises at 3019 Turnpike Road in Portsmouth, Virginia. The premises were leased in the name of Chandra Tyson, alias Pony. Detective O'Brien and two other detectives made a no-knock entry through the front door by use of a steel battering ram. A fourth officer, Detective Young, went to the back door. Seconds after Young heard the noise emanating from the front of the building, appellant and Eddie Tyson attempted to exit from the rear door. Young identified himself as a police officer and the two men ran back inside pursued by the detective. While in pursuit, Young saw appellant throw several yellow capsules from his right hand into the kitchen sink. After appellant was apprehended, Young ladled thirteen capsules from the sink and found one capsule on a dish cloth. Young also removed one hundred eighty dollars in U.S.

Currency from appellant's left hand.

At trial appellant moved to suppress the admission of the capsules into evidence. He testified that he had visited the premises where he was arrested on one occasion prior to his arrest on September 6, 1984. On both occasions, he was permitted to enter by Eddie Tyson after knocking on the front door. He knew that Chandra Tyson and her brother, Eddie, occupied the apartment. The appellant stated that he expected privacy while on the premises. Detective O'Brien testified, however, that the apartment was not used as a private residence, but solely as a distribution center for drugs.

The motion to suppress was overruled and the drugs and the certificate of the chemical analysis were received into evidence. The analysis showed the capsules contained both heroin and cocaine.

In order to obtain protection against unreasonable searches and seizures, appellant bears the burden of proving that he has standing to assert the constitutional right. *Abell v. Commonwealth*, 221 Va. 607, 614, 272 S.E.2d 204, 208 (1980). Until *Jones v. United States*, 362 U.S. 257 (1960) was overruled by *United States v. Salvucci*, 448 U.S. 83 (1980), anyone legitimately on the premises searched who was charged with a possessory crime had automatic standing to challenge the legality of that search. "[D]efendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have in fact been violated." *Salvucci*, 448 U.S. at 85. "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Alderman v. United States*, 394 U.S. 165, 174 (1969). The test is whether the appellant objectively had a reasonable expectation of privacy at the time and place of the disputed search. *Rakas v. Illinois*, 439 U.S. 128, 143 (1978). In making the analysis the court looks to the "totality-of-the-circumstances." *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).

In examining what circumstances may be considered the court in *United States v. Haydel*, 649 F.2d 1152 (5th Cir. 1981), *cert. denied*, 455 U.S. 1022 (1982) said:

> [F]actors to be weighed include whether the defendant has a possessory interest in the thing seized or the place searched, whether he has the right to exclude others from that place, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises.

*Id.* at 1155. *See also United States* v. *Sheperd*, 714 F.2d 316 (4th Cir. 1983), *cert. denied*, 104 S.Ct. 1914 (1984); *United States* v. *Finch*, 679 F.2d 1083 (4th Cir. 1982).

The defendants in *United States* v. *Stevens*, 543 F.Supp. 929 (N.D. Ill. 1982), attacked the validity of a search of premises in which they played cards once a week. In determining that they had no standing the court said:

> They have alleged no right to exclude others from this location, no right to use the premises in [the owner's] absence, the possession of no key, nor the presence of clothes, books, food or anything else even arguably creating a legitimate expectation of privacy in the premises searched.

*Id.* at 932.

Appellant argues that he had ample reason to expect privacy while inside 3019 Turnpike Road. He relies on the fact that he knew the occupants; that the apartment was known as their residence; that he had previously been a guest; and that on each visit entry was permitted only after knocking and the door was then closed. No authorities are cited in support of his position that these factors, standing alone, were sufficient to establish a privacy interest in the premises searched.

To the contrary, the evidence established that appellant failed to show a possessory interest in the place searched, a right to exclude others from the premises, the right to use the premises in the absence of the rightful tenants, the possession of a key or the presence of clothes, or any other property inside the apartment searched.

Accordingly, we find that appellant was a mere casual visitor and did not sustain his burden of establishing a privacy interest in

the premises sufficient to allow him to contest the validity of the search. The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Barrow, J., concurred.