# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Gregory A. Gentry

October 25, 1990

Case No. 90-208

By JUDGE JAY T. SWETT

The defendant has moved to suppress evidence found in the search of a vehicle. The Commonwealth has raised a standing issue under *Rakas v. Illinois*, 439 U.S. 128 (1978). More specifically, the Commonwealth alleges that since Gentry neither owned nor leased nor had any interest in the vehicle other than as a passenger, he lacks standing to challenge the legality of a search of the vehicle. Where standing is raised, the burden is upon the defendant to prove a violation of his personal Fourth Amendment rights. *McCoy v. Commonwealth*, 2 Va. App. 309, 311 (1986).

Since this case involves a search of an automobile, the controlling case is *Rakas v. Illinois. supra.* In *Rakas*, the vehicle in which the defendant was travelling was stopped in the belief that its occupants had been involved in a robbery. After the car was stopped, the occupants were ordered out of the car. The car was then searched. Found were a box of rifle shells in the glove compartment and a sawed-off rifle under the front passenger seat. Rakas and the other vehicle occupants were then placed under arrest.

Rakas sought to suppress the rifle and shells as the product of an unlawful search. At the time of the search, Rakas was a passenger in the vehicle. The driver was the owner. Rakas did not allege that either the rifle

or the shells belonged to him. The Court found Rakas lacked standing to challenge the seizure of items found since he had neither a property nor possessory interest in the vehicle nor an interest in the property actually seized. The Court confirmed that automobiles are to be treated differently from houses and apartments for purposes of the Fourth Amendment. The Court reaffirmed that the primary issue was whether defendant showed a legitimate expectation of privacy in the particular area where the item was found in a car in which he was a mere passenger.

Applying the facts here, the evidence of the defendant was that he had gotten into the vehicle seven or eight minutes before it was stopped by the police. He indicated that he was catching a ride home. He testified that he had known the driver for two years and that he was a friend. The vehicle owner was an "associate," not a friend.

On this evidence, this case cannot be distinguished from *Rakas v. Illinois*. It is difficult to see how Gentry would have a legitimate expectation of privacy to the area underneath the passenger seat in a vehicle in which he had been riding for seven or eight minutes and was in only to catch a ride home.

On the evidence before me, I find that defendant has not carried his burden to show the required expectation of privacy so as to challenge the legitimacy of the search of the vehicle. Therefore, the defendant's motion is denied for lack of standing.

If it were found that Mr. Gentry did have a legitimate expectation of privacy and have standing to challenge the lawfulness of the search, the court would find that the search conducted by Officer Palmateer was based on probable cause. In a companion case, *Commonwealth v. Joseph Randolph Deane,* this court has denied a motion to suppress filed on behalf of the driver of the vehicle in which Gentry was riding. The evidence in this case as to the search was identical to the evidence in the companion action of the driver.

That evidence was that on the evening of April 28, 1990, at approximately 11:30 p.m., Mr. Townsend, an off-duty Charlottesville police officer, was sitting on his porch.

He observed three women approach the corner of Ninth and Anderson Streets. His porch was about twenty-five feet from the intersection. A red car stopped at the corner. The passenger addressed the women and said, "Are you looking?" The women said, "No." The passenger said, "Come on, I got what you need." The women responded, "We don't smoke that stuff." The passenger said, "I ain't got no soap." At that point, the conversation terminated when the women walked away. Mr. Townsend, who overheard the verbal exchange, was an experienced police officer particularly with regard to drug activity. He had lived in the neighborhood for nine years and stated that it had become an area of high drug activity.

Mr. Townsend further testified that he was familiar with the terminology used by those in drug transactions. The words "are you looking?" mean "do you want to buy cocaine?" The words "I ain't got no soap" mean "we have real cocaine, it is not an imitation." He testified that he had overheard similar exchanges with the words "are you looking?" a number of different times at or near this particular street corner.

Based on this information, the officer believed that he had observed an attempt to sell crack cocaine. He called the police department. Officer Palmateer was dispatched to Mr. Townsend's house. The two officers began to look for the red car and found it in approximately fifteen minutes. The car was stopped in a parking lot. After the occupants exited the vehicle, it was searched by Officer Palmateer who found some crack cocaine under the passenger seat. He also found a pipe in a paper bag near the driver's seat. The pipe was of the type used to smoke crack cocaine.

Officer Palmateer testified that his search of the vehicle was for drugs and was based on the information provided by Officer Townsend. The issue then is whether there was probable cause to conduct the warrantless search of the vehicle. The court believes that the evidence is sufficient for a finding of probable cause.

The experience of Officer Townsend was such that he believed that he had overheard a specific proposal to sell cocaine. While the language used could be considered "street jargon," based on this officer's experience, it was the equivalent of a direct offer to sell crack cocaine

followed by a confirmation that what would be offered for sale was not an imitation. This transaction took place in an area known by Officer Townsend to have become a high drug activity area. This information was sufficient to warrant a reasonable person to believe that the vehicle that was to be searched contained illegal drugs.

The defendant relies on *DePriest v. Commonwealth*, 4 Va. App. 577 (1987). *DePriest* is distinguishable for two reasons. First, the issue of whether the evidence was sufficient for a finding of probable cause to conduct an arrest was not necessary to the finding in *DePriest*. The principle issue in the case was whether DePriest's detention, after being observed engaged in suspicious activity involving the possible sale of drugs, was sufficiently long to have matured into an arrest. The Court of Appeals found that it had not. The second issue in *DePriest* was a standing issue. DePriest had been arrested based on the presence of drugs found on a person arrested with DePriest. DePriest lacked standing to contest whether the drugs found on the other person should be suppressed. It should also be noted that the observations of the officer in *DePriest* went to the issue of whether there was probable cause to make a warrantless arrest. Here, the issue is whether there was sufficient information known to Officer Palmateer to conduct a warrantless search of a vehicle. The focus here is on whether there was probable cause to believe that drugs were in the vehicle rather than on whether there was probable cause to make an arrest based on a reasonable belief that a crime had been or was being committed.

In summary, the court does not find sufficient standing on the part of Mr. Gentry to challenge the seizure of the items found in the search of the vehicle. Alternatively, if Mr. Gentry did have standing, the court finds sufficient probable cause for the warrantless search to have been conducted.

The defendant's motion to suppress is denied.