## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Dennis Wayne Foster

April 13, 1993

Case No. K78955

BY JUDGE ARTHUR B. VIEREGG, JR.

On March 15, 1993, a grand jury returned a true bill against defendant, Dennis Wayne Foster charging him with the possession of a controlled drug with intent to distribute in violation of Va. Code § 18.2–248. On April 9, 1993, this case came before the court upon Mr. Foster's motion to suppress the fruits of a search by the Fairfax County Police Department of a pickup truck located at Redman's automobile storage lot in Fairfax County, Virginia. After hearing evidence and argument presented by counsel, this court took the defendant's motion under advisement. The court is now prepared to rule.

The court will not summarize all the evidence adduced at the recent April 9, 1993 hearing. The following facts, however, are germane to the court's decision.

On the evening of June 2, 1992, Mr. Foster became engaged in a dispute with his fiancee. He left his apartment in a pickup truck in order to gain medical assistance for an acute heart problem. Someone made a 911 emergency call on his behalf. Several blocks away from his apartment, Mr. Foster encountered an ambulance and sought assistance from personnel in that vehicle; the police stopped at that location; Mr. Foster asked the police to store the pickup truck because he feared his fiancee would damage it. The truck was taken to the Redman's commercial automobile storage lot in the Newington area of Fairfax County. That lot is surrounded by fencing. The assistance of a Redman's employee with a key is necessary for a person to gain access

to the fenced compound. The Fairfax Police regularly tow impounded vehicles to the Redman's storage lot.

The following day Captain Burton Siders of the Fairfax County Police Department's Organized Crime Division was advised by personnel at the Fairfax Police Public Safety Communications Center that an anonymous telephone call had been received stating that "Junior Jones' PCP was in Deborah York's truck"; that the truck had been picked up by the Fairfax Police on Lockheed Boulevard; and that the pickup truck was a Nissan product. Captain Siders reviewed incident reports for the preceding evening; found the report related to Mr. Foster's turnover of a Nissan truck to the Fairfax Police in the Lockheed Boulevard area of the County; and assumed that the truck would be taken to the Redman storage lot. After confirming that such a truck had been received at the Redman lot, Captain Siders dispatched Investigator Wolfe of the Police Department to the Redman's lot.

Investigator Wolfe arrived at the Redman's lot accompanied by a dog trained to locate narcotics. He had worked with the dog in connection with narcotics cases for four years. Before proceeding to the truck, the Redman's manager informed Investigator Wolfe that he had been advised (apparently by telephone) that the truck was owned by a woman and that "soon" the owner was coming to the lot to take possession of the truck. Wolfe proceeded to the truck. The dog gave an immediate sign or "alert" for the presence of narcotics in the truck. Investigator Wolfe gained entry into the truck by use of keys furnished by the storage lot personnel. The dog went behind the driver's seat where a Mason jar containing several tin foil packages containing narcotics were found.

Although he testified at the hearing, Mr. Foster did not claim that he owned, or otherwise held an interest in the Nissan pickup truck, the Mason jar, the tin foil package, or the illegal drugs. The only evidence received with regard to ownership of the truck was the anonymous tip that the truck was owned by a Deborah York and the advice of the lot attendant to Investigator Wolfe that the truck was owned by a woman who would soon come to reclaim it.

In the course of the hearing, Captain Siders stated that he did not know whether or not the Redman's personnel would have released the car if claimed by the owner. Defense counsel also introduced the Fairfax County Police Department's General Order related to the towing and impoundment of vehicles.

Mr. Foster correctly contends that warrantless searches, as here, are *per se* unreasonable. *Derr v. Commonwealth*, 6 Va. App. 215, 219 (1988) (citing *Katz v. United States*, 389 U.S. 347, 357 (1967) ("*Katz*")). Evidence procured by such a warrantless search is therefore generally inadmissable unless the Commonwealth can sustain its burden of demonstrating that the search was one which falls within an exception to the search warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454–55 (1971) (citing *Katz*, 389 U.S. at 357). The Commonwealth contends that the search conducted by Investigator Wolfe falls within such an exception because (i) Investigator Wolfe had probable cause to obtain a warrant to search the truck, and (ii) the necessity of obtaining such a warrant was obviated by the exigent circumstances that the subject pickup truck (and its contents) would soon be reclaimed before a warrant could be obtained. *Fore v. Commonwealth*, 220 Va. 1007, 1011 (1980) (citing *Haefeli v. Chernoff*, 526 F.2d 1314, 1316 (1st Cir. 1975)).

After considering the evidence presented at the April 9 hearing and authorities both presented by counsel and otherwise reviewed by the court, I conclude that the defendant's suppression motion must be denied. As a threshold matter, although having the burden to do so, *Delong v. Commonwealth*, 234 Va. 357, 363 (1987) (citing *Rakas v. Illinois*, 439 U.S. 128, 130–31 (1978)), Mr. Foster has failed to demonstrate that he had a legitimate expectation of privacy in the Nissan truck, the Mason jar, or the contents of the jar. *Rakas*, 439 U.S. 128. Some of the factors courts may consider when making this determination include whether the defendant had a possessory interest in the place, whether he had the right to exclude others from the place, and whether he took precautions to maintain privacy in the place. *Commonwealth v. Ealy*, 12 Va. App. 744, 751 (1991) (citing *McCoy v. Commonwealth*, 2 Va. App. 309, 312 (1986)). Mr. Foster adduced no such evidence. Furthermore, his invitation to the police to take possession of the truck and to turn it over to third parties tends to contradict an expectation of privacy on his part. His failure to take any personal property with him in the ambulance (such as the Mason jar) also tends to negate precautions to maintain privacy in the jar or its contents. Taken together, these circumstances show that Mr. Foster failed to meet his burden of proving he had a legitimate expectation of privacy in the areas searched.

Reduced to its core, Mr. Foster's argument is, at best, that he was "the target of the search," and therefore had standing to challenge its legality. But such a "target" theory has been rejected by the United States Supreme Court. *Rakas*, 439 U.S. 128; *Alderman v. United States*, 394 U.S. 165 (1969). Instead, the courts must look to whether the defendant had a legitimate expectation of privacy in the area searched. *Rakas*, 439 U.S. at 148. For the reasons set forth above, this court finds that Mr. Foster did not have a legitimate privacy expectation to challenge Investigator Wolfe's search of the Nissan pickup or the seizure of the Mason jar or its contents.

Even if Mr. Foster had such an expectation of privacy, however, the court concludes that the Commonwealth has sustained its burden of showing that Investigator Wolfe's search of the Nissan pickup was legal, because (i) Investigator Wolfe had probable cause to search the Nissan pickup for suspected illegal narcotics, and (ii) exigent circumstances excused him from procuring a search warrant prior to conducting that search. *Fore*, 220 Va. at 1011.

The consideration of the existence of probable cause to search began with the receipt by the Fairfax County Police Safety Communications Center of an anonymous telephone call. Although the Fairfax Police apparently had no basis to evaluate the credibility of the tipster, such credibility was developed by Captain Siders's corroboration of various "innocent details" of the information provided, including the location of the turnover of the truck to the police and the make of the truck. *See Fore*, 220 Va. at 1011. This credible information ripened into probable cause to believe that illegal drugs were in the truck when Investigator Wolfe's dog "alerted" to the presence of drugs in the truck. *See Boyd v. Commonwealth*, 12 Va. App. 179 (1991), citing *inter alia, Illinois v. Gates*, 462 U.S. 213 (1983).

The record before the court is also convincing that exigent circumstances existed for Investigator Wolfe's conduct of a search without a warrant. The search involved an automobile which the Redman personnel reported might soon be claimed by the truck's owner and presumably taken from the lot. *See Fore*, 220 Va. at 1012-13. Under such circumstances, Investigator Wolfe reasonably concluded that the evidence would be seized then or never. *Wright v. Commonwealth*, 222 Va. 188, 193 (1981).

For the foregoing reasons, Mr. Foster's suppression motion is denied.