COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Willis and Senior Judge Hodges
Argued at Salem, Virginia

JOHNNY WAYNE WARREN

v.     Record No. 0154-94-3          MEMORANDUM OPINION[*] BY
                                     JUDGE LAWRENCE L. KOONTZ, JR.
COMMONWEALTH OF VIRGINIA                    MAY 2, 1995

FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
James F. Ingram, Judge

Joe Garrett (Garrett & Garrett, P.C, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General (James S. Gilmore,
III, Attorney General; Leah A. Darron, Assistant Attorney
General, on brief), for appellee.


Johnny Wayne Warren (Warren) appeals his bench trial

conviction for possession of cocaine.  Warren asserts that the

trial court erred in ruling that he lacked standing to challenge

the seizure of evidence during the execution of an invalid search

warrant at a home where he was a temporary guest.  Warren further

asserts that the invalidity of the warrant resulted in an illegal

seizure of his person, requiring suppression of the evidence.

Warren also challenges the sufficiency of the evidence to support

his conviction.  For the following reasons, we affirm Warren's

conviction.

We restate only those facts necessary to explain our

holding.  Danville police, acting on information from a reliable

informant, sought and obtained a warrant to search for narcotics

_____

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in an apartment rented by George Scales.  The supporting affidavit, however, was ambiguous as to whether the warrant sought was specific to Scales or the apartment generally.

During the execution of that warrant, officers observed Warren, a guest at an on-going party in the apartment, toss away a folded twenty dollar bill which he had held in his hand when they entered the apartment.  An officer recovered the bill and discovered on the bill a white, powdery residue which analysis showed to be cocaine.

Immediately prior to trial, Warren moved to suppress the evidence on the ground that the search warrant was invalid. While agreeing that the search warrant was invalid, the trial court permitted the Commonwealth to proceed with its case on the ground that Warren lacked standing to object to the validity of the warrant.

Warren asserts that he had a reasonable expectation to privacy in his person and possessions at the time of the execution of the warrant and that this expectation was violated by the illegal entry and search effected by the invalid warrant. We disagree.

The Commonwealth does not challenge the trial court's determination that the warrant was invalid.  Thus, we will assume, without deciding, that this ruling of the trial court was correct.  Nonetheless, in order for a defendant to object on fourth amendment grounds to a search and seizure, he or she has

the burden of showing that his or her own fourth amendment rights were violated.  Williams v. Commonwealth, 4 Va. App. 53, 70, 354 S.E.2d 79, 88 (1987); McCoy v. Commonwealth, 2 Va. App. 309, 311, 343 S.E.2d 383, 384 (1986).  Fourth amendment protection can only be claimed by one who "has 'a legitimate expectation of privacy' in the property searched or seized."  Wells v. Commonwealth, 6 Va. App. 541, 549, 371 S.E.2d 19, 23 (1988).  See generally Katz v. United States, 389 U.S. 347, 353 (1967).

Thus, before affording exclusionary rule protection to a defendant, a trial court must determine whether, based on the totality of the circumstances, the defendant "objectively had a reasonable expectation of privacy at the time and place of the disputed search."  McCoy, 2 Va. App. at 311, 343 S.E.2d at 385. The party asserting fourth amendment rights has the burden of proving the government conducted an illegal search of a place where that party had a legitimate expectation of privacy. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980).  Some of the factors courts may consider when determining whether a defendant had a legitimate expectation of privacy in the place searched include whether the defendant had a possessory interest in the place, had the right to exclude others from the place, and took normal precautions to maintain privacy in the place.  McCoy, 2 Va. App. at 312, 343 S.E.2d at 385; see also Barnes v. Commonwealth, 234 Va. 130, 135, 360 S.E.2d 196, 200 (1987) (defendant failed to meet his burden where he showed he had

-3-

permission to be present in the place searched but did not have a key, did not keep property there, and could not exclude others), cert. denied, 484 U.S. 1036 (1988).

Here, the evidence shows that Warren was merely a transient guest in the apartment. Although he frequently visited the apartment, there was no evidence that he ever stayed overnight or had access to the apartment other than by permission of the lessee while he was also present. Accordingly, the trial court did not err in ruling that Warren lacked standing to challenge the validity of the search.

Warren further asserts that, because the police were operating under an invalid search warrant, his detention within the apartment was an illegal seizure and that the evidence obtained during that seizure should have been suppressed.[1] We will assume, without deciding, that the presence of multiple police officers, some of whom blocked the principal paths of egress from the apartment, and their display of weapons and badges was sufficient to constitute a seizure of all the persons inside the apartment.

On appeal, the burden is on the defendant to show that the court's denial of a suppression motion based upon the illegal

[1]The Commonwealth asserts that Warren raises this issue for the first time on appeal and that it is therefore barred from our consideration. Rule 5A:18. At trial, Warren asserted that he had a reasonable expectation of privacy in his person. Although it is unclear that this assertion was an attempt to challenge the seizure of his person, we elect to consider the issue on its merits.

seizure of one's person, when considered in the light most favorable to the Commonwealth, constituted reversible error.  See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980).  The fourth amendment does not prohibit all seizures, only unreasonable ones.  See Phillips v. Commonwealth, 17 Va. App. 27, 30, 434 S.E.2d 918, 920 (1993).  Officers executing a search warrant for contraband may detain the occupants of the premises to be searched while the search is in progress.  Michigan v. Summers, 452 U.S. 692, 705 (1981).  Although this act constitutes a seizure, it is reasonable because its intrusiveness is limited and the exigencies of the circumstances require it both to protect police and secure the safe recovery of the evidence sought.  Id.; see also Williams, 4 Va. App. at 67, 354 S.E.2d at 87.

Although we have assumed here that the trial court correctly found that the warrant was not valid because of an error in the supporting affidavit, nothing in the record suggests that the officers were not acting under a good faith belief in the validity of the warrant at the time it was executed.  See United States v. Leon, 468 U.S. 897, 918–21 (1984); Lanier v. Commonwealth, 10 Va. App. 541, 547, 394 S.E.2d 495, 499 (1990).  Accordingly, the officers had the right to detain Warren and the other guests during the execution of the warrant.

Furthermore, the police would have been permitted to conduct a protective search of Warren under the circumstances.  See

Williams, 4 Va. App. at 66-67, 354 S.E.2d at 87. However, as Warren discarded the bill before the officers had attempted such a search, we are concerned only with the validity of the de facto seizure caused by securing the residence. We hold that the seizure was proper under Summers and, thus, did not require suppression of the evidence discovered in the course of that seizure.

Finally, Warren asserts that the evidence was insufficient to prove that he exercised dominion and control over the bill and residue or that he was aware of the character and nature of the residue. We disagree. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680). Here, the evidence showed that Warren voluntarily disposed of a valuable possession when confronted by police. Although he denied knowledge and ownership of the bill, the testimony of the officers established that the bill discovered on the floor was the object Warren was seen discarding moments before. Warren also inquired of one of the arresting officers more than once concerning the penalty he might receive

for possession of cocaine.  From these facts, the trial judge could reasonably infer that Warren was aware of the presence and character of the cocaine residue and harbored a guilty conscience as to his possession of it.

For these reasons, the judgment of the trial court is affirmed.

<u>Affirmed</u>.
