## CIRCUIT COURT OF THE CITY OF RICHMOND

Commonwealth of Virginia

v.

Edward Ray Smith

November 17, 1995

Case No. F-95-2687

BY JUDGE DONALD W. LEMONS

This matter is before the Court on the defendant's Motion to Suppress drugs allegedly seized from his person on May 31, 1995. The Court heard evidence and the arguments of counsel on September 26, 1995. At the evidentiary hearing on the motion, the Commonwealth refused to concede standing,[1] placing upon the defendant the burden of demonstrating that his "own Fourth Amendment rights have in fact been violated." *United States v. Salvucci*, 448 U.S. 83, 85 (1980); *See also, Rakas v. Illinois*, 439 U.S. 128 (1978); *McCoy v. Commonwealth*, 2 Va. App. 309 (1986). During the hearing, the defendant asserted that he had no drugs on his person when he came into contact with the police officer. Further, the defendant claimed that the drugs allegedly seized from his person, which are the subject of the Motion to Suppress, were brought to the encounter by the police officer. In so doing, the defendant failed to establish that his own Fourth Amendment rights were violated, and therefore, the Motion to Suppress is denied.

---

[1] In *Rakas v. Illinois*, 439 U.S. 128, 134 (1978), Justice Rehnquist wrote that he was: "not at all sure that the determination of a motion to suppress is materially aided by labeling the inquiry . . . as one of standing, rather than simply recognizing it as one involving the substantive question of whether or not the proponent of the motion to suppress has had his own Fourth Amendment rights infringed by the search and seizure which he seeks to challenge." This Court finds that the standing label is helpful in framing the issue and will utilize it for the purposes of this opinion.

The defendant is entitled to argue for suppression of the fruits of a search and seizure "only if . . . [he] owned or had the right to possession of the property seized . . . ." *Chesson v. Commonwealth,* 216 Va. 827, 830 (1976), *cert. denied,* 429 U.S. 927 (1976). In this case, the defendant has failed to demonstrate that he owned or "rightfully" possessed the drugs seized. By claiming that he never owned or possessed the drugs, the defendant is unable to sustain his burden of establishing standing to challenge the search and seizure.

Additionally and more fundamentally, the defendant's version of the event does not allege a "search and seizure." In this case, the defendant alleges that he had no drugs and that the officer pretended to find drugs on the defendant. The defendant's claim alleges police misconduct. He may not simultaneously characterize the circumstances as a "plant" and a "search and seizure." Having chosen to allege police misconduct, the defendant does not challenge an unreasonable search and seizure, which is the protection afforded by the Fourth Amendment.

For the foregoing reasons, the defendant's Motion to Suppress is denied.