## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Barkley

February 1, 1996

Case No. CF950558

By Judge Alfred D. Swersky

Defendant's Motion to Suppress must be denied. The Court finds that Defendant's Fourth Amendment rights were not violated by the search of the premises and the seizure of the computer monitor because she had no reasonable expectation of privacy in the discarded monitor nor in the premises entered by the detective.

The evidence reveals that Defendant had sublet a room in the premises by the payment of rent and a portion of the utilities. However, she had permanently left the premises on the day in question before the detective's finding of the monitor. The facts that she later had to pay rent through that particular day and had left some personal belongings for safekeeping does not confer upon her a reasonable expectation of privacy in the place searched nor the object seized. The evidence was uncontroverted that she had left that morning to attend college and, subsequent to her departure, was billed for rent through the date of the seizure. She never returned to the premises to reside, nor has she claimed any present interest in the premises. Barkley had no possessory interests, she had no further right to exclude anyone from the premises, took no normal precautions to protect her privacy, and was no longer legitimately on the premises. See, *McCoy v. Commonwealth*, 2 Va. App. 309 (1986).

It is not necessary to decide whether or not the evidence was in plain view from the street as the witness testified or in the trash can as Defendant argues that it must have been. In either event, by any objective test, Barkley had abandoned the property and can claim no reasonable expec-

tation of privacy in the object seized. *Commonwealth v. Holloway*, 9 Va. App. 11 (1989).

Defendant, in order to show that a Fourth Amendment violation has occurred, must show a reasonable expectation of privacy in the object seized or the place searched. *Hardy v. Commonwealth*, 17 Va. App. 677 (1994); *see also, Rakas v. Illinois*, 439 U.S. 128 (1978). She has failed to do this, and the motion to suppress must be denied.