COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Fitzpatrick and Annunziata
Argued at Richmond, Virginia


KENDALL ORLANDO WOODSON
                                              OPINION BY
v.   Record No. 3040-96-2        JUDGE JOHANNA L. FITZPATRICK
                                           OCTOBER 14, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Donald W. Lemons, Judge

          Jonathan David (Joseph D. Morrissey;
          Morrissey, Hershner & Jacobs, on brief), for
          appellant.

          Daniel J. Munroe, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Kendall Orlando Woodson (appellant) was found guilty in a

bench trial of possession of cocaine with intent to distribute in

violation of Code § 18.2-248.  On appeal, he argues that the

trial court erred in:  (1) finding he had no standing to assert a

Fourth Amendment violation; and (2) upholding a "no-knock" entry

and search.  We find no error; therefore, we affirm the

conviction.

                        I.  Background

     On January 10, 1996, Richmond police officers executed a

search warrant on a subsidized apartment at 1406-A Jennie Scher

Road.  The apartment was leased to appellant's sister, and only

she and her child were authorized to live there.  Appellant was

inside the apartment at the time of the search even though the

apartment manager, Donna Pritt, had previously notified him by

certified mail that he was barred from the apartment complex. Appellant had been arrested several times for trespass on the premises, and he was convicted once. A certified copy of appellant's trespass conviction, showing his status as barred from the property, was admitted into evidence. Additionally, Richmond Police Officer William Burnett testified that he told appellant the day before the search that he was banned from the property. Appellant testified that he lived at the apartment with his sister; however, he admitted his name was not on the lease, he paid no rent, and he knew he was not authorized to live there.

Prior to the execution of the search warrant, the police knew that appellant was in the apartment. The police had reports from Ms. Pritt, a citizen informant, and from Robert Hershey, the maintenance supervisor, that they had recently observed guns, ammunition, and police scanners in the apartment. Officer Burnett had personal knowledge of appellant's earlier arrest for possession of a concealed weapon, possession of a stolen handgun, assaulting a police officer, and that cocaine was being sold from the apartment.

On July 12, 1996, a hearing was held on appellant's motion to suppress. Appellant argued that the police violated his Fourth Amendment rights by failing to knock and announce their presence before entering the premises. The Commonwealth argued that the police action was justified and that appellant lacked

2

standing to assert a sufficient privacy interest to contest the introduction of the evidence seized. At the conclusion of the hearing, the trial court denied appellant's motion and found as follows: "the officers had the exigent circumstances that support a no-knock entry under the circumstances of this case, given the totality of the circumstances." The court found that the officers had reasonable belief that:

1. There were guns and ammunition in the apartment;
2. There were police frequency scanners in the apartment capable of intercepting police communications;
3. Woodson was engaged in the sale of cocaine from the apartment;
4. Woodson had previous arrests for cocaine possession, firearms violations, carrying a concealed weapon and assaulting a police officer;
5. Woodson was a trespasser on the premises.

Accordingly, the trial court concluded as follows:

The combination of drug distribution activity, guns, ammunition, police scanners capable of monitoring police activity and the specific awareness of the defendant's prior assault upon a police officer present exigent circumstances that justify the "no knock" execution of the search warrant in this case.

Additionally, the trial court found that the appellant "was a trespasser on the premises, . . . consequently [he] cannot maintain any reasonable privacy interest in the premises sufficient to sustain his motion to suppress." Appellant was convicted of possession of cocaine with the intent to distribute.

In reviewing the trial court's ruling on the motion to

suppress, we assess the evidence in the light most favorable to the Commonwealth, the prevailing party below, and we will disturb the trial court's decision only if it is plainly wrong. See Spivey v. Commonwealth, 23 Va. App. 715, 721, 479 S.E.2d 543, 546 (1997). To prevail on appeal, appellant must demonstrate that the court's denial of his motion constituted reversible error. Id. (citations omitted).

Our consideration of the record includes evidence adduced at both the trial and the suppression hearing. See id. While we are bound to review de novo the ultimate questions of law, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. ___, ___, 116 S. Ct. 1657, 1663 (1996). "An appeals court should give due weight to a trial court's finding that the officer was credible and the inference was reasonable." Id.

## II. Standing

Appellant argues that he has standing to assert Fourth Amendment rights in his sister's apartment because he was her guest. We hold that appellant was not lawfully on the premises and that, as a trespasser, he lacks the privacy interest necessary to claim a Fourth Amendment violation.

An appellant has the burden of proving that he has standing to allege a violation of his Fourth Amendment rights. McCoy v.

4

Commonwealth, 2 Va. App. 309, 311, 343 S.E.2d 383, 384 (1986). "The test is whether the appellant objectively had a reasonable expectation of privacy at the time and place of the disputed search." Id. at 311, 343 S.E.2d at 385. In applying this test, we must look at the totality of the circumstances. Id. In Josephs v. Commonwealth, 10 Va. App. 87, 94-95, 390 S.E.2d 491, 495 (1990) (quoting United States v. Haydel, 649 F.2d 1152, 1155 (5th Cir. 1981), cert. denied, 455 U.S. 1022 (1982)), we held that:

> "[F]actors to be weighed include whether the defendant has a possessory interest in the thing seized or the place searched, whether he has the right to exclude others from that place, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises."

Trespassers do not have privacy interests sufficient to invoke Fourth Amendment protection. A defendant with "an illegitimate, wrongful, and unreasonable expectation of privacy in [a] stolen vehicle . . . lacks standing to object." Josephs, 10 Va. App. at 98, 390 S.E.2d at 497 (emphasis added). Other state and federal courts have held that defendants may not protest the search of a stolen vehicle. See, e.g., United States v. Hensel, 672 F.2d 578 (6th Cir. 1982), cert. denied, 457 U.S. 1107 (1982); United States v. Hargrove, 647 F.2d 411 (4th Cir. 1981); State v. Schad, 633 P.2d 366 (Ariz. 1981), cert. denied, 455 U.S. 983 (1982); State v. Abordo, 596 P.2d 773 (Haw.

5

1979).  In each of these cases, the defendant's illegal presence in the location searched deprived him of an objectively reasonable expectation of privacy.

This rationale has also been applied to defendants who are wrongfully on real property and who thus have no reasonable expectation of privacy and cannot protest a search.  See United States v. Ruckman, 806 F.2d 1471 (10th Cir. 1986) (defendant had no reasonable expectation of privacy in a cave on federal land when authorities could force him to leave at any time); Amezquita v. Colon, 518 F.2d 8 (1st Cir. 1975), cert. denied, 424 U.S. 916 (1976) (Puerto Rican squatters' claim to a privacy interest in Commonwealth land was "ludicrous" because they had twice been asked to vacate the property); G.R. v. State, 638 P.2d 191 (Alaska Ct. App. 1981) (occupants of a cabin who were there without the owner's consent had no expectation of privacy in the building); State v. Cruz, 809 P.2d 1233 (Kan. App. 1991) (trespassers in a home had no expectation of privacy in the home); People v. Sumlin, 431 N.Y.S.2d 967 (N.Y. Sup. Ct. 1980) (defendant was wrongfully in an abandoned city building at the time of the search and could not protest); State v. Turnbill, 640 S.W.2d 40 (Tenn. Crim. App. 1982) (defendant, who had returned to a rescue mission after being ejected, had no legitimate expectation of privacy in the mission room); Douglas v. State, 695 S.W.2d 817, 820 (Tex. Ct. App. 1985) (burglar who hid in a vacant building without permission was "a trespasser [who] had no

reasonable expectation of privacy in the premises").

In this case, appellant was a trespasser who had no objectively reasonable expectation of privacy in his sister's apartment. He was not an authorized resident of the subsidized apartment. He had been banned from the premises by both the property manager and a court order. He had been convicted of trespassing on the same premises. The day before the search, a police officer told him that he was not allowed on the property. Additionally, appellant admitted he had been living there "illegally." Thus, he had no reasonable expectation of privacy, objective or otherwise, in the apartment. Appellant has no standing to claim the protection of the Fourth Amendment.

Appellant argues that while trespassers may not have sufficient privacy interests to invoke the Fourth Amendment, he was not a trespasser because he occupied the property with the permission of a rightful possessor of the property. Appellant's sister was a lawful occupant of the apartment who, he alleges, could give valid consent for a search, and appellant claims that as her guest he "can impute to himself the wrong done to her by the illegal search."

We find no merit in this argument. While appellant's sister may have given him permission to live in the apartment, the permission of an occupant is only one factor to be considered when determining whether appellant had an objectively reasonable expectation of privacy. The record establishes that appellant

7

was on notice that he was a trespasser and barred from the premises. His experience with the apartment, including his conviction for trespassing, and Officer Burnett's warning the day before the execution of the search warrant, clearly outweighs the fact that his sister allowed him to reside there illegally. Consequently, under the facts of this case, we reject appellant's argument that he had a reasonable expectation of privacy in the premises searched, and we hold that the trial court properly denied appellant's motion to suppress.[1]

<u>Affirmed.</u>

---

[1]Our holding on the standing issue renders moot appellant's second contention that the police were required to knock and announce their presence before entry. However, the record clearly established the requisite exigent circumstances.