COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton


KEITH A. ROBINSON, S/K/A
 KEITH ANDRE ROBINSON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0521-97-1    JUDGE JERE M. H. WILLIS, JR.
                                         FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Edward W. Hanson, Jr., Judge

              (Everett Carter Meixel, on brief), for
              appellant.[1]

              (Richard Cullen, Attorney General; John K.
              Byrum, Jr., Assistant Attorney General, on
              brief), for appellee.  Appellee submitting on
              brief.


     Keith A. Robinson contends on appeal that the trial court

erred in denying his motion to suppress the imitation crack

cocaine that was found in his automobile.  He argues that he

never consented to a search, and that even if he did consent, the

police exceeded the scope of that consent.  We find no error and

affirm the judgment of the trial court.

     On December 14, 1995, Virginia Beach Police Officers A. J.

Spiess and T. M. Gandy stopped a vehicle driven by Robinson for a

defective headlight and improper window tinting.  The vehicle was

occupied by Robinson and a passenger.  Officer G. A. Fox arrived

shortly thereafter.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Counsel for appellant failed to appear.  We decided the
case on the briefs and record, without oral argument.

While Spiess prepared a summons, Fox and Gandy asked Robinson two or three times for permission to search his car. Fox testified that he advised Robinson that he could refuse. Robinson asked the officers why they needed to search his vehicle. He testified that he never consented. Fox and Gandy testified that Robinson consented to a search of his car for weapons and that he assisted Gandy in the search.

During the search, Gandy discovered a black nylon bag under the front passenger-side seat. Robinson told Gandy that the bag did not belong to him and that she should be able to check the bag for weapons by feeling the outside. After the passenger and Robinson denied ownership of the bag, Gandy told them: "if the bag didn't belong to either of them then they wouldn't mind if I take a look inside the bag." Upon opening the bag, Gandy discovered two off-white, rock-like substances, the size of "rice-cakes," which appeared to be crack cocaine.

Robinson contends that he never gave the officers consent to search the car or to examine the contents of the bag. We need not decide this issue because Robinson failed to prove that he had standing to assert a right to protection against unreasonable searches and seizures with respect to the bag. See McCoy v. Commonwealth, 2 Va. App. 309, 311, 343 S.E.2d 383, 384 (1986).

A defendant may contest a search only if he or she possesses a reasonable expectation of privacy in the object seized or the place searched. Rakas v. Illinois, 439 U.S. 128, 130 (1978).

"'One who voluntarily abandons property forfeits any expectation of privacy he or she may have in it' and all standing to complain of its warrantless search and seizure." Wechsler v. Commonwealth, 20 Va. App. 162, 173, 455 S.E.2d 744, 749 (1995) (quoting Commonwealth v. Holloway, 9 Va. App. 11, 18, 384 S.E.2d 99, 103 (1989)).

> "Whether a person intends to retain a reasonable expectation of privacy in property is to be determined by objective standards. Such an intent may be inferred from words, acts, and other objective facts." Two factors are particularly relevant in ascertaining intent: physical relinquishment of the property and denial of ownership. "If a person relinquishes possession and disclaims ownership of personal property, he or she surrenders any expectation of privacy in the property."

Id. (citations omitted).

Viewing all of the circumstances, we find that Robinson failed to establish a reasonable expectation of privacy in the bag and its contents. When questioned regarding the bag, he disclaimed ownership. When Gandy stated that because no one owned the bag, she was going to examine its contents, Robinson did not object. Robinson thus manifested a lack of expectation of privacy in the bag and abandoned it for Fourth Amendment purposes. See Williams v. Commonwealth, 4 Va. App. 53, 70, 354 S.E.2d 79, 88-89 (1986) (finding no expectation of privacy in locked briefcase disclaimed by defendant); Wechsler, 20 Va. App. at 173-74, 455 S.E.2d at 749 (finding that defendant abandoned property by leaving luggage in airport and denying ownership).

- 3 -

See also <u>United States v. Piaget</u>, 915 F.2d 138, 140 (5th Cir. 1990) (finding that bag in trunk of defendant's car was abandoned when he stated that he knew nothing about it); <u>United States v. McBean</u>, 861 F.2d 1570, 1574 (11th Cir. 1988) (holding that defendant who told officer that luggage in his car was not his and that he had no knowledge of its contents did not have reasonable expectation of privacy in the luggage).

The judgment of the trial court is affirmed.

<u>Affirmed.</u>