**Richmond**

## COMMONWEALTH OF VIRGINIA

v.

## GREGORY ANTHONY PETERSON

No. 1428-92-4

Decided December 21, 1992

COUNSEL

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

Andrew Meltz, Assistant Public Defender (Kevin T. Gaynor, Assistant Public Defender, on brief), for appellee.

OPINION

**BARROW, J.**—The Commonwealth argues in this appeal that the trial judge erred in suppressing statements made by the defendant while in an ambulance en route to the hospital. For the reasons stated below, we hold that the defendant's statements were not made voluntarily and affirm the decision of the trial court.

The Commonwealth has the burden of proving by a preponderance of the evidence that a defendant's statements are voluntary. *Stockton v. Commonwealth*, 227 Va. 124, 140, 314 S.E.2d 371, 381, *cert. denied*, 469 U.S. 873 (1984). Whether a statement is voluntary is ultimately a legal rather than a factual question, *Miller v. Fenton*, 474 U.S. 104 (1985), but subsidiary factual decisions are entitled to a presumption of correctness. *Id.* at 112. In an appeal by the Commonwealth of an order of the trial court suppressing evidence, the evidence must be viewed in the light most favorable to the defendant and findings of fact are entitled to a presumption of correctness unless they are plainly wrong or without evidence to support them. Code § 8.01-680; *see Commonwealth v. Grimstead*, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).

The test to determine whether a statement or confession is voluntary is "whether the statement is the 'product of an essentially free

and unconstrained choice by its maker,' or whether the maker's will 'has been overborne and his capacity for self-determination critically impaired.'" *Yeatts v. Commonwealth*, 242 Va. 121, 130, 410 S.E.2d 254, 260 (1991), *cert. denied*, 112 S. Ct. 1500 (1992) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973)). "In determining whether the defendant's will has been overborne, courts look to the totality of all the surrounding circumstances," including the defendant's background, experience, mental and physical condition and the conduct of the police. *Gray v. Commonwealth*, 233 Va. 313, 324, 356 S.E.2d 157, 163, *cert. denied*, 484 U.S. 873 (1987).

■ The mental condition of the defendant is "surely relevant to [his] susceptibility to police coercion"; however, evidence of coercive police activity "is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." *Colorado v. Connelly*, 479 U.S. 157, 164 (1986). The amount of coercion necessary to trigger the due process clause may be lower if the defendant's ability to withstand the coercion is reduced by intoxication, drugs, or pain, but *some* level of coercive police activity must occur before a statement or confession can be said to be involuntary. *See United States v. Haddon*, 927 F.2d 942, 945 (7th Cir. 1991); *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988), *cert. denied*, 490 U.S. 1020 (1989).

In this case, although the trial court found no misconduct on the part of the police officers when they arrested the defendant or when they made sure he was taken to the hospital, the court concluded that the defendant's statements made in response to police questioning, while in the ambulance on the way to the hospital, were involuntary and, therefore, inadmissible. This conclusion was based on evidence that the defendant was in pain, his vision blurred, and he was unable to understand "everything that was going on around" him as a result of injuries he suffered when he was apprehended by the police. Furthermore, he had ingested cocaine, a fact which had to be disclosed to assure proper medical treatment. He was "having problems" breathing, having chest pains, and connected to a heart monitor in an ambulance en route to the hospital when the police questioned him. This evidence was credible and supported the trial court's finding that the police authority, asserted when the defendant was especially susceptible, overbore his will and, thus, was coercive police activity rendering his statements involuntary and inadmissible.

Accordingly, we affirm the decision of the trial court to suppress the defendant's statements.

*Affirmed.*

Benton, J., and Coleman, J., concurred.