# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

James E. Davis, II

September 30, 1997

Case No. CR97-002167-00

BY JUDGE MARC JACOBSON

The Court has considered the evidence, the applicable law and the arguments of counsel relative to the Motion to Suppress Statement filed on behalf of the Defendant James E. Davis, II, taking into consideration the totality of all the surrounding circumstances.

The burden is on the Commonwealth to prove by a preponderance of the evidence that the statement or confession given by the Defendant was given freely and voluntarily.

In the case of *Bottenfield v. Commonwealth*, 25 Va. App. 316 (1997), it is stated:

> In determining whether a statement or a confession was voluntary, the trial court must decide whether the statement was the "product of an essentially free and unconstrained choice by its maker," or whether the maker's will "has been overborne and his capacity for self-determination critically impaired." *Commonwealth v. Peterson*, 15 Va. App. 486, 487-88, 424 S.E.2d 722, 723 (1992) (citations omitted). In so deciding, the trial court must look to "the *totality of all the surrounding circumstances*." *Id.* at 488, 424 S.E.2d at 723 (emphasis added). The Court must consider the defendant's age, intelligence, mental and physical condition, background and

experience with the criminal justice system, the conduct of the police and the circumstances of the interview.

*Id.* at 323.

Although Defendant apparently contends that there might be some question as to if and when he was in custody, the law is clear that when there is "custodial interrogation" as defined in *Miranda* that the prescribed *Miranda* warnings must be given before a statement is taken from a suspect. The Defendant acknowledged that he read each question on Norfolk Police Department Legal Rights Advice Form (Commonwealth's Exhibit 1) dated April 15, 1997, that he answered "yes" to each question, that he signed his name to the Form and that his biological mother and two other witnesses also signed the Form. The Form was signed prior to the giving of either the oral and/or taped statement by the Defendant which Defendant now seeks to suppress.

Although the Defendant indicates that he was nervous inside and he may not have reflected his nervousness externally, the Defendant did acknowledge that he fully understood what his rights were and, in fact, was able to recite without benefit of the form before him some of those rights such as the right to remain silent and the right to have an attorney and if he was unable to afford an attorney that one would be appointed for him. The Defendant further acknowledged that he was able to control what he said to the investigators and indicated in his statement he purposely left out certain items. Although the Defendant indicates that Investigator Ronald Chupik did raise his voice, that at the time this incident occurred the Defendant continued to deny committing the alleged murder. The Defendant acknowledged that prior to giving a statement that he was advised that he was being interrogated in regard to the alleged murder.

The evidence further indicated that the statement of the Defendant which the Defendant seeks to suppress was a narrative statement and not a series of questions posed by the investigating officers and was given by the Defendant under and by way of his own free will.

Investigator William Ross testified that the Defendant appeared to be alert and calm and showed relatively little emotion.

After Defendant's taped statement was reduced to writing, the evidence was that the Defendant read the statement, signed each page of the statement, and, in fact, made a correction in his own handwriting to the statement.

The Court concludes that the statement or confession of and by the Defendant was the "product of an essentially free and unconstrained choice" by the Defendant and that the Defendant's will was not "overborne in his

capacity for self determination critically impaired," and that the Defendant did knowingly and voluntarily waive his *Miranda* rights. In considering the totality of all the surrounding circumstances, the Court rules that the Commonwealth has sustained its burden of proof by a preponderance of the evidence that the confession or statement that the Defendant seeks to suppress was freely and voluntarily given, and the Motion to Suppress is denied.