COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Annunziata and Overton
Argued by teleconference


COMMONWEALTH OF VIRGINIA
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0101-98-3     JUDGE JERE M. H. WILLIS, JR.
                                           MAY 26, 1998
LEONARD CARL FERGUSON


            FROM THE CIRCUIT COURT OF WYTHE COUNTY
                    J. Colin Campbell, Judge

        Robert B. Beasley, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellant.

        Thomas G. Hodges (Hodges, Campbell & Stanley,
        on brief), for appellee.



    The trial court found:
        [T]he Defendant's statement was not a product
        of an essentially free and unconstrained
        choice, but his capacity for self[-]
        determination was critically impaired to such
        degree that his statement was involuntarily
        given.


Because the evidence supports that conclusion, we affirm the

judgment of the trial court.  We need not address whether

Ferguson was in custody when he gave the suppressed statement.

    "The Commonwealth has the burden to prove, by a

preponderance of the evidence, that a defendant's confession was

freely and voluntarily given."  Bottenfield v. Commonwealth, 25

Va. App. 316, 323, 487 S.E.2d 883, 886 (1997).  In determining

voluntariness, we must inquire whether "the statement is the

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

product of an essentially free and unconstrained choice by its maker, or . . . whether the maker's will has been overborne and his capacity for self-determination critically impaired." Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994) (citations omitted) (internal quotation marks deleted). See also Midkiff v. Commonwealth, 250 Va. 262, 268, 462 S.E.2d 112, 116 (1995). In making such a determination, "'courts look to the totality of all the surrounding circumstances,' including the defendant's background, experience, mental and physical condition and the conduct of the police." Commonwealth v. Peterson, 15 Va. App. 486, 488, 424 S.E.2d 722, 723 (1992) (citation omitted). While we must conduct an independent review of the question of voluntariness, we are bound by the trial court's subsidiary findings of fact unless they are plainly wrong. Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992).

Although Ferguson operated his own taxicab business, the trial court found that he was "a rather unsophisticated mentally slow individual with no apparent prior criminal history and no evidence of any understanding of the Constitutional rights protected under Miranda." This finding is supported by the trial court's observation of Ferguson and his demeanor in the courtroom. The evidence disclosed that Ferguson came to Richmond in response to a summons from investigators of the Attorney General's Office. Entering the building, he passed an armed

- 2 -

guard who admitted him. Going to an upper floor, he was met by two investigators of the Attorney General's Office who separated him from the family members who had accompanied him to Richmond and took him into a conference room, which required the unlocking of a door for entry. The investigators closed the door behind themselves and Ferguson. Ferguson thought the door relocked when it closed. Ferguson was not permitted to leave the room unaccompanied, even to go to the bathroom. The investigators explained that they did not want him to become lost in the maze of offices, but the existence of that maze and of that accompaniment supported Ferguson's feelings of being ensnared. Ferguson testified that he was not informed that he was free to leave or that he could decline to make a statement. This evidence supports the trial court's conclusion that, as a matter of fact, a person of Ferguson's character and capabilities would not feel free to exercise unconstrained choice but would feel obliged to submit to the demands of the investigators. This factual determination supports the legal conclusion that Ferguson's statement was involuntarily given.

The judgment of the trial court is affirmed.

Affirmed.