COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Petty
Argued at Salem, Virginia


CLEVELAND WAYNLEE SOUTHERS, S/K/A
  CLEVELAND WAYNELEE SOUTHERS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1434-05-3              JUDGE ROBERT J. HUMPHREYS
                                                   DECEMBER 28, 2006

COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
                        Michael S. Irvine, Judge

          Joshua O. Elrod (Mann, Vita & Elrod, P.L.L.C., on brief), for
          appellant.

          Karen Misbach, Assistant Attorney General (Robert F. McDonnell,
          Attorney General, on brief), for appellee.


      Appellant Cleveland Waynlee Southers ("Southers") appeals four convictions of statutory

burglary, in violation of Code § 18.2-91, and three convictions of grand larceny, in violation of

Code § 18.2-95.  He contends the trial court erred in denying his motion to suppress his

statement to police.  For the reasons that follow, we disagree, and affirm Southers' convictions.

                                         ANALYSIS

      Southers contends on appeal, as he did in the trial court, that his confession should be

suppressed because (1) it was not made freely and voluntarily, (2) he did not make a knowing

and intelligent waiver of his right to counsel, and (3) he did not make a knowing and intelligent

waiver of his right to remain silent.  We disagree with Southers' first contention, and decline to

address the second two.

_____

      [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal, "[the] appellant carries the burden to show . . . that the denial of a motion to suppress constitutes reversible error." Motley v. Commonwealth, 17 Va. App. 439, 440, 437 S.E.2d 232, 233 (1993) (citing Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)). "In reviewing the trial court's denial of a motion to suppress on appeal, we will review the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences that may be drawn." King v. Commonwealth, 39 Va. App. 306, 308, 572 S.E.2d 518, 519 (2002) (citing Dickerson v. Commonwealth, 35 Va. App. 172, 177, 543 S.E.2d 623, 626 (2001)). We review *de novo*, however, the trial court's application of defined legal standards to the particular facts of a case. See Ornelas v. United States, 517 U.S. 690, 699 (1996).

## I. The Voluntary Nature of the Confession

Southers claims that his confession was not freely and voluntarily given and should therefore be suppressed. We disagree.

"The Commonwealth has the burden to prove, by a preponderance of the evidence, that a defendant's confession *was* freely and voluntarily given." Bottenfield v. Commonwealth, 25 Va. App. 316, 323, 487 S.E.2d 883, 886 (1997) (emphasis added). "The test to be applied in determining voluntariness is whether the statement is the 'product of an essentially free and unconstrained choice by its maker,' or, on the other hand, whether the maker's will 'has been overborne and his capacity for self-determination critically impaired.'" Stockton v. Commonwealth, 227 Va. 124, 140, 314 S.E.2d 371, 381 (1984) (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)). "In determining whether an accused's will has been overborne, courts assess 'the totality of all the surrounding circumstances.'" Id. (quoting Schneckloth, 412 U.S. at 226). This includes the defendant's background, experience, mental

and physical condition, and the conduct of the police. Commonwealth v. Peterson, 15 Va. App. 486, 488, 424 S.E.2d 722, 723 (1992).

With regard to police conduct, "coercive . . . activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986). In considering the conduct of the police, we "must consider the interrogation techniques employed, including evidence of trickery and deceit, psychological pressure, threats or promises of leniency, and duration and circumstances of the interrogation." Terrell v. Commonwealth, 12 Va. App. 285, 291, 403 S.E.2d 387, 390 (1991). Regarding juvenile confessions specifically, "the greatest care must be taken to assure that the admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair." In re Gault, 387 U.S. 1, 55 (1967). The mere absence of a parent or counsel does not mean the confession was not made voluntarily. See Roberts v. Commonwealth, 18 Va. App. 554, 557, 445 S.E.2d 709, 711 (1994). Instead, "[t]he absence of a parent or legal counsel is merely a factor to be considered, albeit a significant one." Id.

Reviewing the totality of the circumstances surrounding Southers' confession, we cannot conclude that Southers' arrest, or any of the events that followed, caused Southers' will to be overborne. Prior to taking Southers' statement, Deputy Conner advised Southers of his Miranda rights. Neither his mental nor physical condition was impaired at the time. Compare Peterson, 15 Va. App. at 488, 424 S.E.2d at 723-24 (defendant made incriminating statements while questioned by police in the back of an ambulance, while under the influence of cocaine, in pain and disoriented from injuries received, having breathing problems and chest pains, and connected to a heart monitor). Although Southers was handcuffed, this alone is insufficient to amount to coercive conditions. See United States v. Cardwell, 433 F.3d 378, 390 n.4 (4th Cir.

2005) (holding that being handcuffed for two hours in the front seat of a police car does not amount to oppressive conditions). Southers was not denied any other physical comforts, mistreated, or threatened. Compare Beecher v. Alabama, 389 U.S. 35, 36 (1967) (statement obtained after police held a gun to suspect's head). Likewise, Southers was not intimidated or deceived by Conner, or anyone else, before he made the statement. Compare Leyra v. Denno, 347 U.S. 556, 559-61 (1954) (statement obtained after suspect spent hours with psychiatrist trained in hypnosis, while suspect believed the doctor was a general practitioner).

Southers' behavior at the sheriff's department further shows that he made his statement both freely and voluntarily. Southers agreed to come to the sheriff's department on the condition that Deputy Burgdorff came as well. Southers said he would only speak to Burgdorff, and he asked to speak to his brother before he made a statement about the alleged burglaries. During his testimony, Southers even admitted how he had to talk his brother into admitting his involvement with the four burglaries and how they "picked" the four burglaries from the list. Moreover, Conner did not make any promises of leniency to Southers, other than telling him that his cooperation could help him in the end.[1] Although Southers asked where his mother was, there is nothing in the record that indicates he requested her presence. Southers was very young and not well-educated at the time, but indicated he understood his rights at the suppression hearing. Initially, when the sheriff's deputies executed the search warrant on Southers' home, officers in body armor surrounded Southers with their weapons drawn, but this was no longer the situation when Southers confessed at the sheriff's department.

Despite his age and the absence of his mother, the overall conditions Southers was subjected to when he made his confession fail to support Southers' claim of coercion, the

---

[1] Southers testified that the deputies told him he would "go home that day" if he gave a confession, but Conner denies this. Viewing the evidence most favorably to the Commonwealth, we disregard Southers' testimony on this subject.

- 4 -

"necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Connelly, 479 U.S. at 167. The record supports the trial court's decision that the confession was voluntary, and we therefore affirm its decision.

II. The Waiver of the Right to Counsel and the Right Against Self-Incrimination

Southers also argues that his confession is inadmissible because he did not knowingly and intelligently waive his right to remain silent and his right to counsel. Southers, however, cites no authority or principles of law in support of either of these arguments. "'Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.'" Budnick v. Budnick, 42 Va. App. 823, 833, 595 S.E.2d 50, 55 (2004) (quoting Roberts v. Roberts, 41 Va. App. 513, 527, 586 S.E.2d 290, 297 (2003)); see Rule 5A:20(e) (requiring appellants to brief the "principles of law, the argument, and the authorities relating to each question presented").

Because Southers has presented no authority or citations in support of these arguments, Southers has waived these arguments on appeal. Thus, we decline to address them. See Rule 5A:20(e).

CONCLUSION

Because Southers' encounter with the police was not coercive, we hold that his confession was given voluntarily. Moreover, because Southers' remaining arguments are procedurally defaulted, we do not address them. We therefore affirm the trial court's decision denying Southers' motion to suppress.

Affirmed.