COURT OF APPEALS OF VIRGINIA


Present: Judges Humphreys, Haley and Petty
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.      Record No. 2729-06-3      JUDGE ROBERT J. HUMPHREYS
                                  APRIL 16, 2007
WANDA ALICE BLEVINS


FROM THE CIRCUIT COURT OF LEE COUNTY
Birg E. Sergent, Judge

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on briefs), for appellant.

Carl E. McAfee, for appellee.


In this appeal, the Commonwealth argues that the trial court erred in suppressing physical

evidence obtained from an investigative traffic stop. Specifically, the Commonwealth argues

that: (1) the police had reasonable suspicion to stop the vehicle in which the defendant was

riding, (2) Blevins did not have standing to challenge the search of the car or the owner's consent

thereto, and (3) Blevins did not establish standing to object because of the particular

circumstances of her case. For the reasons that follow, we hold that Blevins does not have

standing to challenge the search, and thus we need not address the reasonable suspicion for the

stop. We reverse the trial court and remand for further proceedings consistent with this opinion.

ANALYSIS

"In an appeal by the Commonwealth of an order of the trial court suppressing evidence,

the evidence must be viewed in the light most favorable to the defendant and findings of fact are

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entitled to a presumption of correctness unless they are plainly wrong or without evidence to support them." Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992). However, "the ultimate question whether the officers violated the Fourth Amendment triggers *de novo* scrutiny[.]" Kyer v. Commonwealth, 45 Va. App. 473, 479, 612 S.E.2d 213, 216 (2005).

It is well established that remedies for violations of constitutional rights are only allowed to someone who "belongs to the class for whose sake the constitutional protection is given[.]" Hatch v. Reardon, 204 U.S. 152, 160 (1907). Furthermore, "[i]t is entirely proper to require of one who seeks to challenge the legality of a search as the basis for suppressing relevant evidence that he . . . establish that he himself was the victim of an invasion of privacy." Josephs v. Commonwealth, 10 Va. App. 87, 91, 390 S.E.2d 491, 493 (1990) (*en banc*) (quoting Jones v. United States, 362 U.S. 257, 261 (1960)). The right to make such a challenge is known as standing. Id.

The United States Supreme Court announced its most recent standard for determining whether an individual has standing to challenge an alleged constitutional violation in Rakas v. Illinois, 439 U.S. 128 (1978). Under Rakas, an individual has the requisite standing if that individual "has a legitimate expectation of privacy in the invaded place." Id. at 143. The Court went on to hold that the petitioners in Rakas, who were passengers in a vehicle stopped by the police, did not have a legitimate expectation of privacy in another's car, and thus had no standing to challenge the search of the car. Id. at 148. In fact, the Court specifically stated that "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Id. at 134. Furthermore, an individual who disclaims ownership in luggage or a container forfeits any Fourth Amendment protections he or

she may have had in it.  See Wechsler v. Commonwealth, 20 Va. App. 162, 173, 455 S.E.2d 744, 749 (1995) (man who disclaimed ownership of luggage at an airport forfeited any Fourth Amendment rights he had in the luggage).

The trial court held, albeit inartfully, that Blevins had standing to challenge the traffic stop, and that the driver's consent was a "fruit of the poisonous tree" because it was not sufficiently attenuated from the unlawful stop to be purged of the original taint.  See Walls v. Commonwealth, 2 Va. App. 639, 651, 347 S.E.2d 175, 182 (1986); Wong Sun v. United States, 371 U.S. 471, 488 (1963).

Whether or not Blevins had standing to challenge the stop is unimportant to our analysis. As a passenger, Blevins has no reasonable expectation of privacy in the vehicle, and therefore has no standing to challenge its search.  See Rakas, 439 U.S. at 148.  Because she did not claim ownership of the cup when asked about it by the police, Blevins lacks standing to challenge the search of the cup as well.  See Wechsler, 20 Va. App. at 173, 455 S.E.2d at 749.  The search yielding the oxycontin resulted directly from the driver's consent to search the vehicle, not from the stop of the vehicle.  Because Blevins lacks standing to challenge the search of the driver's vehicle, it necessarily follows that she lacks standing to assert any constitutional defect in the driver's consent to search the vehicle.  See Rakas, 439 U.S. at 148.  Therefore, we need not and do not address either the validity of the stop, or the attenuation of the driver's consent from the stop.

Blevins also argues that she has standing to challenge the search because of information contained in another passenger and co-owner's pre-sentence report stating Blevins paid him $70 to ride in the car.  Based on this, Blevins argues that she was the functional equivalent of a lessee of the vehicle, and therefore had a reasonable expectation of privacy in the vehicle.  Because it does not appear that the trial court considered this evidence when making its ruling, we will not

address it on appeal.  Cf. Nicholson v. Nicholson, 21 Va. App. 231, 237 n.4, 463 S.E.2d 334, 337 n.4 (1995) (holding a piece of evidence not properly admitted into evidence, but viewed and considered by the trial court will be considered on appeal).

We reverse the judgment of the trial court granting the motion to suppress, and remand this case to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.