COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0144-09-3            JUDGE RUDOLPH BUMGARDNER, III
                                                              JUNE 16, 2009
THOMAS JERAY HALL


FROM THE CIRCUIT COURT OF FLOYD COUNTY
Ray W. Grubbs, Judge

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellant.

Richard W. Davis, Jr. (Davis, Davis & Davis, on brief), for appellee.


        After being stopped at a traffic checkpoint, Thomas Hall was charged with driving under

the influence, third offense, Code § 18.2-266.  The trial court ruled the checkpoint was

improperly established and suppressed all evidence obtained during the stop.  The

Commonwealth appeals.

        We view the evidence in the light most favorable to the defendant.  Commonwealth v.

Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992).  The Floyd County Sheriff's Office

conducted two traffic checkpoints between 6:00 p.m. and 10:00 p.m. on December 21, 2007.

The defendant was arrested at one of the checkpoints.  Officers conducted checkpoints pursuant

to General Order No. 78, which the Sheriff, Shannon Zeman, had approved in June 2006.  That

order defines the procedures for conducting traffic checkpoints.  Officers conduct the

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

checkpoints at sites selected from an approved list of sites provided to the sheriff by the state police. The sheriff approves the proposed site before checking begins.

In this case, the patrol supervisor conducting the checkpoints, Tim Dulaney, selected the date and time for the checkpoints. He did that because he was responsible for assigning personnel and would be able to select a date and time when sufficient officers were available. Initially, he planned to operate the checkpoints on December 22, 2007 from 4:00 a.m. to 8:00 a.m. The sheriff disapproved that plan because he did not think the checkpoints would be effective that early in the morning. The patrol supervisor then rescheduled the checkpoints for 6:00 p.m. to 10:00 p.m. on December 21, 2007, and the chief deputy approved the change.

The chief deputy, Bruce Turner, next selected the precise locations for the checkpoints from the list of pre-approved sites. The sheriff approved the sites selected the day before the checkpoints began. The chief deputy noted the sheriff's approval on the operational plan, and he told the patrol supervisor the locations for the checkpoints one to two hours before the checkpoints opened. The patrol supervisor reported these locations to the officers who actually conducted the checkpoints during their briefing just before establishing the checkpoints. Neither the sheriff nor the chief deputy participated in the checkpoints.

The trial court found the patrol supervisor selected the date and time for the checkpoint after the chief deputy selected the site and based its conclusion that the patrol supervisor had unbridled discretion on that finding. The trial court erred in finding that the patrol supervisor selected the date and time for the checkpoint after the chief deputy selected the site, and the defendant concedes that error though argues it was harmless.

"To ensure that an individual's expectation of privacy is not subjected to arbitrary invasion solely at the unfettered discretion of police officers in the field, seizures at roadblocks must be carried out pursuant to plans embodying explicit, neutral limitations on the conduct of

the individual officer." Hall v. Commonwealth, 12 Va. App. 972, 973, 406 S.E.2d 674, 675 (1991). "When the field officers' discretion is limited and the checkpoint is established pursuant to an explicit plan, a checkpoint to ensure and improve traffic safety is lawful." Palmer v. Commonwealth, 36 Va. App. 169, 175, 549 S.E.2d 29, 32 (2001). In Hall, this Court held that a checkpoint was unconstitutional where a trooper in his sole discretion could choose a checkpoint site from a pre-selected list of fifty-four sites in Accomack County at any time during a specified week because the plan "unnecessarily left the individual trooper with such broad discretion that it was subject to abuse." Hall, 12 Va. App. at 975, 406 S.E.2d at 676.

In Crouch v. Commonwealth, 26 Va. App. 214, 494 S.E.2d 144 (1997), the supervisor told a state trooper to set up a checking detail some time during the workweek at a certain location. Based upon weather conditions and the fact that another officer was available to assist him, the trooper decided the time to set up the checking detail. The trooper then called the dispatcher and received verbal permission to begin the assigned roadblock. Id. at 217, 494 S.E.2d at 145. This Court ruled the checking detail was constitutional and distinguished Hall. "Although [the trooper] was allowed to designate the timing of the traffic checking detail, he had no discretion to decide the location of the assigned roadblock, and he was required to obtain approval from a supervisor before he began stopping vehicles." Id. at 219-20, 494 S.E.2d at 146-47.

In this case, the patrol supervisor first selected the date and time for the checkpoint to ensure the availability of adequate personnel to operate it. He did not know the locations of the checkpoints and could not have targeted a specific person or a specific group of people. The patrol supervisor submitted his decision to the sheriff for approval. The fact that the sheriff disapproved the initial plan and that the chief deputy approved the revised time and date reflects strict limitation on the patrol supervisor's discretion.

After the date and time were selected and approved, the chief deputy chose the sites from the pre-approved list. The sheriff reviewed and approved that decision. The patrol supervisor had no role in selecting the locations for the checkpoints. The patrol supervisor and the other officers conducting the checkpoints only learned of the locations shortly before they began operating them. The officers conducting the checkpoints had appropriately limited discretion that prevented abuse in the conduct of the checkpoints.

As in Crouch, the officer conducting the checking detail selected the timing but had no role in deciding the location. The traffic checkpoint was proper because the patrol supervisor and the officers conducting the stops had limited, supervised discretion. The trial court erred in concluding the patrol supervisor had too much discretion. Accordingly, we reverse the decision to suppress and remand for trial on the merits.

Reversed and remanded.