UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, O'Brien and Malveaux
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
v.        Record No. 0411-17-3        JUDGE MARY GRACE O'BRIEN
AUGUST 8, 2017

AMANDA COLLINS


FROM THE CIRCUIT COURT OF WISE COUNTY
Chadwick S. Dotson, Judge

John I. Jones, IV, Assistant Attorney General (Mark R. Herring,
Attorney General, on briefs), for appellant.

Elwood Earl Sanders, Jr. (Gregory Gilbert; R. Stuart Collins, on
brief), for appellee.


Amanda Collins ("the defendant") was charged with possession of precursors with the intent

to manufacture methamphetamine, in violation of Code § 18.2-248(J), and child endangerment, in

violation of Code § 18.2-371.1(B). Following a pre-trial hearing, the court granted the defendant's

motion to suppress evidence seized during a warrantless search of a backpack and shaving kit. The

court also granted her motion to suppress statements made prior to being placed in a police car and

advised of her rights under Miranda v. Arizona, 384 U.S. 436 (1966). Pursuant to Code § 19.2-398,

the Commonwealth appeals.

The Commonwealth asserts three assignments of error:

1. The [defendant] never claimed a proprietary interest in the bags
   and therefore the trial court erred in not dismissing the motion for
   lack of standing to raise a 4th Amendment claim.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2. The search of the generic, unclaimed bags, pursuant to consent of [the] homeowner, was constitutional and the trial court erred in suppressing the precursors for the production of methamphetamine found therein.

3. The trial court erred in suppressing statements made by the defendant because there [were] not both "actual warnings and waiver."

Because we find that the defendant lacked standing to contest the search of the backpack and shaving kit, we reverse the court's ruling excluding evidence found inside the bags. However, we uphold the court's suppression of any statements the defendant made before she waived her Miranda rights in the police car.

BACKGROUND

"In an appeal by the Commonwealth of an order of the trial court suppressing evidence, the evidence must be viewed in the light most favorable to the defendant." Commonwealth v. Peterson, 15 Va. App. 486, 487, 424 S.E.2d 722, 723 (1992). So viewed, on August 28, 2015, two social workers, Jody Hileman and Cassandra Collins, made an unannounced visit to the home of the defendant's mother, Brenda Collins ("Brenda"), to assess the residence and discuss a service plan for the defendant's child. Brenda allowed the social workers to enter the home and agreed to "show [them] around." She directed them to a bedroom with a crib, and advised that it was the defendant's room where the defendant's child slept.

When Hileman entered the room, he observed a shaving kit that contained a glass pipe with "tubes coming out of it" between the nightstand and the bed. He also saw a soup ladle with a burned-on white powdery substance in the same area of the room. Additionally, Hileman noticed two plastic bags filled with a green, leafy substance: one on a child-size table and another lying on the floor under the table. Brenda denied ownership of the items and asked the social workers to remove them. When they told her that they could not do that, she asked them to call the police.

Officer Robert Potter of the Coeburn Police Department arrived at the scene, followed by Lieutenant David Duvall and Captain Jimmy Williams. Brenda told Officer Potter that she did not know where the defendant was and gave the officers permission to search the home. The officers discovered the defendant, Bradley Collins, and Brandon Moore hiding in the basement.

After finding the individuals, Officer Potter continued his search and noticed a backpack in the defendant's bedroom, next to the baby's crib. He opened the backpack and found "a hypodermic needle . . . multiple plastic hoses, baggies, salt, and other chemicals." Based on his training, Officer Potter "knew that the items were associated with a possible meth lab." Officer Potter asked who owned the backpack, and Brandon Moore responded that it belonged to him.

Lieutenant Duvall testified that the defendant, Bradley Collins, and Brandon Moore were handcuffed and detained on the front porch. Hileman and Officer Potter both testified that they heard Lt. Duvall read Miranda warnings to the three people at that time, but Lt. Duvall did not recall whether he advised them of their Miranda rights then. Lt. Duvall testified that he first remembered reading the defendant her Miranda rights after placing her in his patrol car. At that time, the defendant waived her rights and stated that she was holding the backpack for a friend and it contained "stuff to make meth."

The defendant testified that she did not live at her mother's residence or stay overnight in the room where the backpack and shaving kit were found; she only came to the house during the day to visit her child. She also stated that "quite a few people" had access to the bedroom and one of them stayed overnight there "a lot."

At the conclusion of the hearing, the defendant conceded that the statements she made in the police car were admissible, but she contested the admissibility of any statements she made while detained on the front porch. The court granted both her motion to suppress the items found in the

backpack and shaving kit and her motion to suppress any statements she made before being placed in Lt. Duvall's car.

ANALYSIS

I. Assignments of Error One and Two: Suppression of the Evidence Found in the Backpack and Shaving Kit

A court's decision to grant a motion to suppress evidence "presents a mixed question of law and fact that we review *de novo* on appeal." McCain v. Commonwealth, 275 Va. 546, 551, 659 S.E.2d 512, 515 (2008). Factual findings made by a court are "entitled to a presumption of correctness unless they are plainly wrong or without evidence to support them." Peterson, 15 Va. App. at 487, 424 S.E.2d at 723. However, we review *de novo* the application of defined legal standards to the court's factual findings. Ornelas v. United States, 517 U.S. 690, 699 (1996). Therefore, whether a person has an objectively reasonable expectation of privacy within the meaning of the Fourth Amendment is a "legal determination that we review *de novo*." Sanders v. Commonwealth, 64 Va. App. 734, 744, 772 S.E.2d 15, 20 (2015).

The Fourth Amendment of the United States Constitution, as incorporated in and applied to the states through the Fourteenth Amendment, guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Supreme Court has stated that "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." Alderman v. United States, 394 U.S. 165, 174 (1969).

A defendant "bears the burden of proving that he has standing to assert the constitutional right." Atkins v. Commonwealth, 57 Va. App. 2, 12, 698 S.E.2d 249, 254 (2010). To meet this threshold requirement, a defendant must show that "he personally has an expectation of privacy in the place [or thing] searched." Rideout v. Commonwealth, 62 Va. App. 779, 786, 753 S.E.2d 595, 599 (2014) (quoting Minnesota v. Carter, 525 U.S. 83, 88 (1998)). Additionally, a defendant is required to establish that the "expectation is one that society is prepared to recognize as

- 4 -

'reasonable.'" Belmer v. Commonwealth, 36 Va. App. 448, 455-56, 553 S.E.2d 123, 126 (2001) (quoting Wellford v. Commonwealth, 227 Va. 297, 301, 315 S.E.2d 235, 237 (1984)). In determining if a defendant has met this burden, this Court evaluates the totality of the circumstances including:

> whether the defendant has a possessory interest in the thing seized or the place searched, whether he has the right to exclude others from that place, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises.

McCoy v. Commonwealth, 2 Va. App. 309, 312, 343 S.E.2d 383, 385 (1986) (quoting United States v. Haydel, 649 F.2d 1152, 1155 (5th Cir. 1981)).

Here, the homeowner, Brenda, gave the social workers permission to enter and "look around" the residence. When the police arrived shortly thereafter, Brenda consented to their search of the home. The officers located the backpack and shaving kit in a bedroom that the homeowner identified as the defendant's and where the defendant's child slept. However, the defendant testified that she did not live at the residence or stay there overnight and "a lot" of people had access to the bedroom. There was no evidence that the defendant took any precautions to maintain her privacy in the room or its contents. Further, the defendant stated that she was merely holding the backpack for someone else, and Brandon Moore also told Officer Potter that the backpack belonged to him. Although the defendant was legitimately on the premises at her mother's residence, this fact alone

was insufficient to meet her burden to show that she had standing to object to the search.[1]

Accordingly, we find that the court erred by granting her motion to suppress the evidence.[2]

## II. Assignment of Error Three – Suppression of the Statements

The Commonwealth contends that the court erred by suppressing any statements made by the defendant while she was detained on the porch, before the valid waiver of her Miranda rights in Lt. Duvall's patrol car. The Commonwealth asserts that the court erred by rejecting the testimony of Hileman and Officer Potter that they heard Lt. Duvall inform the defendant of her Miranda rights on the porch.

"For a confession given during custodial interrogation to be admissible, the Commonwealth must show that the accused was apprised of his right to remain silent *and* that he knowingly, intelligently, and voluntarily waived that right." Green v. Commonwealth, 27 Va. App. 646, 652, 500 S.E.2d 835, 838 (1998) (emphasis added). A defendant must affirmatively waive his rights: "mere silence is not enough" to establish a waiver. North Carolina v. Butler, 441 U.S. 369, 373 (1979). Whether an officer provided Miranda warnings to a defendant, and whether the defendant waived those rights, are questions of fact. Harrison v. Commonwealth, 244 Va. 576, 581, 423

---

[1] The defendant asserts that the Commonwealth should not be permitted to approbate and reprobate by arguing that the defendant was in possession of methamphetamine precursors and that she also lacks standing to challenge the search of the backpack. However, the determination of whether evidence is sufficient to convict a defendant of possessing illicit drugs requires a different inquiry than the test to determine if a defendant has a reasonable expectation of privacy in an item. See Watts v. Commonwealth, 57 Va. App. 217, 232-33, 700 S.E.2d 480, 488 (2010) (establishing the elements of possession of a controlled substance). Here, the defendant's failure to establish a reasonable expectation of privacy in the backpack resulted from her inability to keep the bedroom and its contents private. Therefore, this position is not inconsistent with the Commonwealth's argument "that the defendant was aware of both the presence and character of the [methamphetamine precursors] and that it was subject to [her] dominion and control." Id. at 232-33, 700 S.E.2d at 488 (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

[2] Based on our finding that the defendant did not have standing to contest the search, we do not address the issue raised in the Commonwealth's second assignment of error.

S.E.2d 160, 163 (1992). We will not disturb the court's factual findings unless they are plainly wrong or without evidence to support them. Watkins v. Commonwealth, 229 Va. 469, 477, 331 S.E.2d 422, 429-30 (1985).

Here, the court found that the Miranda warnings "were being given to a group. There's no evidence as to whether there was any waiver of those rights . . . I don't think there's been a showing that there's been actual warnings and waiver." The record indicates that although Hileman and Officer Potter recalled hearing Lt. Duvall read the defendant her Miranda rights while she was on the porch, they did not testify that they heard the defendant actually waive her rights. Lt. Duvall could not recall if he advised the defendant of her rights on the porch, and the Commonwealth presented no testimony that the defendant waived her rights at that time. Therefore, the court did not err in granting the defendant's motion to suppress all statements made prior to her valid waiver of Miranda rights in the patrol car.

CONCLUSION

For the reasons stated above, the trial court's decision is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

Affirmed in part and reversed and remanded in part.