COURT OF APPEALS OF VIRGINIA

Present:  Judges Huff, O'Brien and AtLee
Argued by videoconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

v.      Record No. 0087-23-3

JACOB RYAN TOLLEY

MEMORANDUM OPINION[*] BY
JUDGE MARY GRACE O'BRIEN
MAY 23, 2023

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Christopher B. Russell, Judge

Adam L. LaFon, Assistant Commonwealth's Attorney, for appellant.

No brief or argument for appellee.[1]

Jacob Ryan Tolley, charged with possessing a Schedule I or II controlled substance, moved

to suppress evidence obtained by police during a search of his vehicle.  After an evidentiary hearing,

the trial court granted Tolley's motion, finding that the police did not have reasonable, articulable

suspicion to initiate an investigatory traffic stop.  The Commonwealth appealed pursuant to Code

§ 19.2-398(A)(2).

BACKGROUND

"In an appeal by the Commonwealth of an order of the trial court suppressing evidence, the

evidence must be viewed in the light most favorable to the defendant and findings of fact are

entitled to a presumption of correctness unless they are plainly wrong or without evidence to

support them." *Commonwealth v. Peterson*, 15 Va. App. 486, 487 (1992).

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Tolley failed to timely file his brief with this Court, and so we do not consider it.  *See*
Code § 19.2-404.

On April 4, 2022, several officers with the Rockbridge Regional Drug Task Force (the task force) were surveilling a house for illicit drug activity. During their surveillance, they saw Tolley drive away from the house in a 1992 black GMC Sonoma at the same time a 2005 orange Chevrolet Aveo left. An officer contacted Deputy Chris Wade, a canine handler with the Rockbridge County Sheriff's Office and task force member, and asked him to be "on the lookout" for the two vehicles. Wade found Tolley's vehicle parked in a Sheetz parking lot, and later saw the Chevrolet Aveo park two spots down from Tolley. Wade watched the driver of the Chevrolet walk up to Tolley's window, lean in, and engage in a "possible hand to hand transaction." Both Tolley and the driver of the Chevrolet then drove away from the parking lot.

Investigator David Anderson, another member of the task force, began searching for Tolley's GMC Sonoma after overhearing Wade announce what he had observed over the radio.[2] Anderson located Tolley's vehicle at a stop sign. Anderson saw Tolley drive west, and then "abruptly ma[ke] an illegal U-turn." Anderson activated his lights and initiated a traffic stop. When the vehicles stopped, Anderson drew his firearm and ordered Tolley out of the GMC Sonoma. Wade arrived afterward with his drug-sniffing dog. The dog responded with a "positive alert," indicating the presence of drugs in the vehicle. A subsequent search of Tolley's vehicle revealed digital scales and a plastic bag containing methamphetamine.

Tolley moved to suppress the evidence found in his vehicle, asserting that Anderson lacked reasonable, articulable suspicion to stop him.[3] The court agreed with Tolley and held that, although the illegal U-turn provided a "possible reasonable basis" for the stop, "to stop someone for a U-turn

_____

[2] Tolley stipulated to a proffer of Anderson's testimony at the hearing on his motion to suppress.

[3] Tolley also challenged the search of his vehicle. The trial court did not reach that issue, and it is not before us on appeal.

and jump out and draw your firearm . . . it puts in a different light the actual basis for the stop." Accordingly, the court granted Tolley's motion and suppressed the evidence. The Commonwealth appealed.

ANALYSIS

The Commonwealth contends the court erred by considering Anderson's "actual basis" for stopping Tolley, and not the objective circumstances justifying the stop. We agree.

When reviewing a motion to suppress, "we review de novo the trial court's application of defined legal standards, such as whether the police had reasonable suspicion or probable cause for a search or seizure." *Bland v. Commonwealth*, 66 Va. App. 405, 412 (2016).

"Police officer[s] may, without violating the Fourth Amendment, make a brief investigatory stop of a person when the officer has a reasonable suspicion, based on objective facts, that criminal activity may be afoot." *Mason v. Commonwealth*, 291 Va. 362, 367 (2016); *Terry v. Ohio*, 392 U.S. 1, 30 (1968). "In making reasonable-suspicion determinations, reviewing courts must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Mason*, 291 Va. at 368 (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)).

Our review of whether reasonable suspicion exists to justify an investigatory stop "involves [the] application of an objective rather than a subjective standard." *Bland*, 66 Va. App. at 412. "Subjective intentions play no role" in the analysis. *Whren v. United States*, 517 U.S. 806, 813 (1996). An officer's "action is 'reasonable' under the Fourth Amendment, regardless of the individual officer's state of mind, 'as long as the circumstances, viewed objectively, justify [the] action.'" *Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) (alteration in original) (quoting *Scott v. United States*, 436 U.S. 128, 138 (1978)).

Here, the court incorrectly "limit[ed] itself" to "evidence of [Anderson's] subjective rationale," and should have "look[ed] instead to what a reasonable, objective officer could have concluded from the totality of the circumstances." *Armstead v. Commonwealth*, 56 Va. App. 569, 579 n.7 (2010) (quoting *Raab v. Commonwealth*, 50 Va. App. 577, 583 n.2 (2007) (en banc)). The objective circumstances at issue here justified the investigatory stop—Tolley stipulated that he made an illegal U-turn in front of Anderson, in violation of Code § 46.2-845. "An officer may effect a traffic stop when he has reasonable suspicion to believe a traffic or equipment violation has occurred." *McCain v. Commonwealth*, 275 Va. 546, 553 (2008); *see also Mason*, 291 Va. at 370-71 (holding that an officer had reasonable suspicion to believe that a parking pass hanging from the rearview mirror of a vehicle could have obstructed a clear view of the highway in violation of Code § 46.2-1054, justifying an investigatory stop of the vehicle). The traffic infraction "clearly established reasonable articulable suspicion (if not probable cause)" that Tolley had violated the law, rendering the traffic stop "constitutionally permissible." *Lawson v. Commonwealth*, 55 Va. App. 549, 556 (2010); *McCain*, 275 Va. at 553.

## CONCLUSION

For the foregoing reasons, the trial court erred by disregarding the objective circumstances justifying the investigatory stop and basing its decision on the officer's subjective state of mind. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*